**In re METROPLEX REALTY TRUST, Debtor.**

**METROPLEX REALTY TRUST, Plaintiff,**

v.

**POST PLAZA, INC., Troy V. Post and Emma Lou Post, Defendants.**

**Bankruptcy No. BK–4–77–434.**

United States Bankruptcy Court, N. D. Texas, Fort Worth Division.

Nov. 26, 1979.

Joe Colvin, for plaintiff.

Jay M. Vogelson, Dallas, Tex., for defendants.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

This adversary proceeding involves a dispute regarding the interpretation of a written contract. The debtor sold certain real property in which the defendants claim a twenty-five percent interest to the extent the net proceeds of sale exceeded $750,-000.00. The parties are in agreement the value of the 25% interest is $51,843.10. The defendant contends the entire amount is due now in cash. The debtor contends only $2,856.88 in cash is due now and the defendant is entitled to the balance of $48,986.22 either by assignment of a 25% interest in a promissory note received in the sale of the property or payment of the sum in cash on March 1, 1980, when the note is paid.

The pertinent portions of the parties agreement provides: ". . . when the cumulative amount of the Net Proceeds exceeds $750,000 . . . then the Net Proceeds in excess of said $750,000 shall be divided as follows: 75% to JMI (the debtor) . . . and 25% to Plaza (the defendant) . . ." The contract defines net proceeds to be the gross sales price less the closing expenses borne by JMI in the sale. The agreement is silent on the question of the form of payment and the only other provision relating to payment provides "If any portion of the Net Proceeds from the sale constitutes the Plaza share, then JMI shall instruct the Title Company to disburse the Plaza Share direct to Plaza . . . ."

The agreement also provides for notice to Plaza of proposed sales. It is undisputed such notice was not given. The contract is silent on the effect of the failure to give such notice. The defendants make no complaint of the failure to give the notice except to point out such failure. They are apparently content with the price and terms of sale as being fair and reasonable. I find the failure to give such notice is not a material breach of the agreement.

The reasonable construction of the contract is that the definition of net proceeds is the formula to calculate the amount Post is entitled to receive from the sale. The provision relating to the title company distributing the share directly to Post provides the mechanics of delivery of the payment. The contract provides that the proceeds shall be *divided* between Post and the debtor. From this I find the parties intended to share in the proceeds in the form received. That is the proceeds should be divided in kind. The disbursements from the gross sales price have been paid in cash leaving net proceeds in excess of $750,000.00 consisting of cash of $11,427.52 and a note for $195,944.88, of which the defendants are entitled to a 25% interest in the note and an immediate cash payment of $2,856.88. Upon assignment of the 25% interest in the note and payment of the cash to the defendants they shall execute a release of their claim against the property.